UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MOHAMED SALAMI,

    Plaintiff,

v.

CASE NO. 19-cv-11918

HON. AVERN COHN

S. GIRARD, R.N. #13, S. McCAULLEY,
and THOMAS O'BELL WINN,

    Defendants.

_____/

## ORDER DISMISSING THE COMPLAINT
## AND
## DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

I.

This is a civil rights case under 42 U.S.C. § 1983 and other statutes. Plaintiff Michael Mohamed Salami, a pro se state prisoner, is suing four individuals: his warden, Thomas O'Bell Winn, and three employees of Corizon Healthcare, Inc., which provides health care services to inmates in Michigan prisons. Plaintiff alleges that the defendants denied him an opportunity to participate in Ramadan by forcing him to break his fast so that he can take his medication. (Doc. 1). As will be explained, because Plaintiff filed three prior complaints which were dismissed for failure to state a claim, and because he has not prepaid the filing fee for this action, his complaint will be dismissed under the "three strikes" provision of 28 U.S.C. § 1915(g).

II.

Plaintiff alleges that he is an active Muslim, who fasts during Ramadan. Plaintiff also alleges that he takes psychiatric medication. Earlier this year, he asked defendant Girard whether he could take his medication with water before sunrise so that he would not have to break his fast during the day. Girard denied Plaintiff's request and told him that he could either go without his medication or not observe Ramadan, because clergy members had said that individuals on medication are exempt from Ramadan. (Doc. 1, unnumbered page 2).

Plaintiff challenged Girard's decision, using administrative remedies at the prison, but defendant R.N. #13 denied his grievance at step one of the grievance procedures, and defendant Winn denied his grievance at step two. Plaintiff's grievance was also denied at the third and final step of the grievance procedures. Id., unnumbered pages 2-3. He now seeks money damages and a declaratory judgment for alleged violations of his rights under the First Amendment to the United States Constitution. Id., unnumbered pages 3-4.

III.

Plaintiff did not prepay the filing fee for this action. The Court therefore assumes that he wishes to proceed under 28 U.S.C. § 1915(b) without prepaying the filing fee.

Ordinarily, a federal litigant who is too poor to pay court fees "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915). But, as the Supreme Court explained in Coleman,

> a special "three strikes" provision prevents a court from affording in forma pauperis status where the litigant is a prisoner and he or she "has, on 3 or

2

more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

Id. (quoting 28 U.S.C. § 1915(g)). An exception to this rule applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"[T]he three strikes rule is not an affirmative defense that must be raised in the pleadings." Harris v. New York, 607 F.3d 18, 23 (2d Cir. 2010). Therefore, "a district court can invoke § 1915(g) to dismiss a prisoner lawsuit even if the three strikes rule has not been raised by the defendant in the pleadings." Id.; see also Witzke v. Hiller, 966 F. Supp. 538, 539 (E.D. Mich. 1997) (dismissing the prisoner's complaint sua sponte under 28 U.S.C. § 1915(g)).

Three of Plaintiff's previous complaints have been summarily dismissed for failure to state a claim. See Salami v. Winn, et al., No. 19-cv-11568 (E.D. Mich. May 31, 2019); Salami v. Michigan State Police Forensic Science Laboratory, et al., No. 19-cv-10215 (E.D. Mich. Feb. 1, 2019); and Salami v. Michigan State Police Forensic Science Laboratory, et al., No. 18-cv-13282 (E.D. Mich. Feb. 5, 2019). Furthermore, Plaintiff has not demonstrated that he was under imminent danger of serious physical injury when he filed his complaint. Accordingly, he may not proceed in forma pauperis.

IV.

For the reasons set forth above, leave to proceed in forma pauperis is denied. The complaint (Doc. 1) is **DISMISSED** without prejudice under 28 U.S.C. § 1915(g).

The Court also certifies that an appeal from this order could not be taken in good faith, 28 U.S.C. § 1915(a)(3), or without prepayment of the appellate filing fee, 28 U.S.C. § 1915(g).

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: 7/25/2019
      Detroit, Michigan